12 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Chiarella v. Colgate & Co.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ANTHONY CHIARELLA, petitioner,

*v.*

COLGATE & COMPANY, respondent.

### Hernia—Proof Not Conclusive as Required by Statute.

On petition for compensation. Finding of fact and determination. Dismissal.

\* \* \* This is a cause wherein the petitioner claims that on the 19th day of February, 1924, he sustained a hernia as the result of heavy lifting while in the employ of the respondent. The only undisputed facts in the case are that the petitioner did complain to his boss on that day of a pain in the groin. He was thereupon examined by respondent's physician and found to have a hernia. He was unable to do any more work, and on March 6th, 1924, he was operated upon for a hernia. Petitioner testified that the pain, which compelled him to stop work, came upon him in the afternoon of February 19th, while he was engaged in unloading box shooks from a freight car, and that he had never previously had any such pain. The statute requires "conclusive proof" in cases of this class "that the hernia was immediately caused by such sudden effort or severe strain that—first, the descent of the hernia immediately followed the cause; \* \* \* third, that there was such prostration that the employe was compelled to cease work immediately; fourth, that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia; fifth, that

there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia." This burden of proof was not sustained. It appeared from the testimony of petitioner's own physician, as well as that of respondent's physician, that the hernia probably antedated February 19th, 1924. Moreover, a fellow-workman of the petitioner and his immediate boss both testified that he had complained to them of having a pain in his groin at various times prior to February 19th. The latter testified also that the petitioner did not unload any boxes on that date, but that he quit work before the actual unloading began. It appears, therefore, that the testimony of petitioner's own physician indicates that the hernia was of some standing and was not induced on the day in question by any sudden strain, and petitioner's own testimony to the contrary is contradicted by two other witnesses. The petitioner failed to satisfy any of the requirements of subdivision (x) in paragraph 11 of the Workmen's Compensation act quoted above.

For the above reasons I find in favor of the respondent, Colgate & Company, and against the petitioner, Anthony Chiarella, and dismiss the petition.

HARRY J. GOAS,
*Deputy Commissioner.*